IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARL MADISON<br>6061 Sandhurst Avenue<br>Canton, Ohio 44718<br><br>    Plaintiff,<br><br> vs.<br><br>BRIDGESTONE AMERICAS, INC.<br>c/o UNITED AGENT GROUP INC.<br> Statutory Agent<br>119 E. Court Street<br>Cincinnati, Ohio 45202<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII"), as amended, 42 U.S.C. §§2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended, and under the law of Ohio, Ohio Revised Code Chapter 4112, to remedy unlawful employment discrimination on the basis of race and color, to remedy unlawful retaliation, and to provide appropriate relief to Plaintiff Carl Madison ("Plaintiff"). As alleged with particularity below, Plaintiff alleges that Defendant Bridgestone Americas, Inc. subjected Plaintiff to unlawful discrimination by failing to promote Plaintiff because of race and retaliating against him for having engaged in protected activity. Plaintiff further alleges that Defendant engaged in a pattern or practice of failing to hire or promote applicants for supervisory positions at its Akron facility based on race in violation of Title VII and Ohio law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

2. Venue is proper in the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1391(b) because the alleged unlawful employment actions giving rise to Plaintiff's claims occurred and/or were committed in this judicial district.

## PARTIES

3. Plaintiff is an African American currently residing in Stark County, Ohio and has been, at all relevant times, an employee of Defendant.

4. At all relevant times, Defendant Bridgestone Americas, Inc. ("Defendant" or "Bridgestone") has continuously been a for-profit corporation, incorporated in the State of Nevada, and doing business in Akron, Ohio, Summit County, and has continuously had more than fifteen employees.

5. Plaintiff filed a timely charge of race discrimination and retaliation with the Equal Employment Opportunity Commission (the "EEOC") and received a Notice of Right to Sue less than ninety (90) days before the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

6. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

7. Plaintiff is an African-American, Air Force Veteran with a Bachelor of Science in Business Administration.

2

8. Plaintiff has worked for Bridgestone for the past 24 years, the last 18 in a supervisory position for the Firestone Racing Division, building tires for race car vehicles, at its Akron Campus including as mixing production supervisor and tire building production supervisor, all on the second shift.

9. After working in the Decatur, Illinois plant, Plaintiff transferred to the Akron facility in or about 2001 as the second shift mixing production supervisor.

10. Over the years Plaintiff consistently expressed his desire to transfer to first shift, because first shift affords greater visibility to and contact with upper-level decisionmakers and more opportunity to advance in one's career.

11. In his role as a production supervisor Plaintiff has been called upon to train new Caucasian supervisors, including one of whom was given a position on the first shift (mixing production) which he had sought but was denied.

12. Approximately five years ago the first shift tire building production supervisor position opened due to the retirement of the Caucasian incumbent, and Plaintiff asked to be transferred to his first shift position. The company, however, passed Plaintiff over without posting the position, instead handing the job to a Caucasian with less qualifications. Plaintiff believes he was being passed over for this position because of his race.

13. Instead of charging the company with racial discrimination at that time, Plaintiff went and obtained a Bachelor's degree in Business Administration (while he continued working for the company on the second shift), thinking that the next time a first shift production supervisor position opened he would have a significant educational advantage as well as his already existing experience advantage over other applicants including the person he trained and the individual who was given the first shift position (both of whom had only high school diplomas).

14. Subsequently, following the retirement of the first shift tire building production supervisor, the company posted the position. Again, Plaintiff expressed interest in the position. After he expressed interest the company removed the posting and the person he previously trained was awarded the job, even though he had no prior experience in tire building operations. As a result that individual held both first shift production supervisor positions, to-wit, the mixing and tire building. Once again, the company asked Plaintiff to train him, this time in tire building operations. Plaintiff was not given the job despite the fact he was the tire building production supervisor on second shift, had more years with the company, had a Bachelor's degree, had consistently expressed his desire to transfer to first shift, had received outstanding performance evaluations, and was otherwise eminently qualified and capable of performing the roles of both tire building and mixing production supervisor. Plaintiff believes he was denied the position because of his race.

15. More recently, the first shift tire building production supervisor position was posted as an open position. After Plaintiff expressed interest in that position, the company removed the posting claiming that it was a "mistake."

16. During his 24 years of service to the company as a production supervisor, Plaintiff's performance records demonstrate he met or exceeded all expectations.

17. Plaintiff also believes that he is paid less than non-minority supervisors with comparable or lesser experience, qualifications and ability.

18. In the Summer of 2020 Plaintiff applied for and was denied a promotion to the open position of ATW Production Manager. Plaintiff was fully qualified to perform the ATW Production Manager position. The company informed Plaintiff of its decision on or about September 30, 2020. Plaintiff's qualifications for that position were far superior to the Caucasian who was awarded the

4

job, as he did not have any experience in building racing tires and had never worked in the Akron facility.

19. Plaintiff filed a timely charge of race discrimination with the Equal Employment Opportunity Commission (the "EEOC") and received a Notice of Right to Sue less than ninety (90) days before the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **COUNT I – TITLE VII**

20. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

21. Plaintiff is a member of a protected class.

22. Plaintiff applied for and was qualified for the ATW Production Manager position.

23. Plaintiff was considered for and was denied the ATW Production Manager position.

24. A person of similar or lesser qualification than Plaintiff who is not a member of the protected class received the ATW Production Manager position at the time Plaintiff's request for the position was denied.

25. Defendant denied Plaintiff the subject ATW Production Manager position because of race.

26. Plaintiff has at all relevant times been paid less than non-minority supervisors with comparable or lesser experience, qualifications and ability.

27. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

28. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT II - 42 U.S.C. § 1981

29. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

30. Defendant's actions and inactions described herein violated 42 U.S.C. § 1981, which secures to all persons within the jurisdiction of the United States the same right to make and enforce contracts, including the same right to employment opportunities, as is enjoyed by white citizens.

31. Defendant denied Plaintiff the subject ATW Production Manager position and is believed to be paid less than other similarly situated Caucasian supervisors both because of race in violation of 42 U.S.C. § 1981.

32. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

33. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT III - O.R.C. §§ 4112.02(A) and 4112.99
## DISCRIMINATION

34. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

35. By it actions and inactions as set forth in Counts I and II, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an

employee because of race with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

36. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

## COUNT IV -- TITLE IV – 42 U.S.C. 2000e-3(a)
## RETALIATION

37. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

38. During his 18 years as a production supervisor Plaintiff has been the only African-American supervisor at Defendant's Akron operation. Defendant has kept Plaintiff assigned to the second shift (night supervisor), because of his race and works alone.

39. Plaintiff has throughout his employment with the Defendant including prior to transferring to Akron expressed his concerns over and opposition to the lack of opportunities for African-Americans and has also complained about the failure to transfer him to the first shift where he could gain more exposure and training opportunities that are available during the day as well as unequal pay.

40. Plaintiff engaged in protected activity when he complained about unlawful discrimination in the form of unequal promotional and transfer opportunities, the lack of African-American supervisor at the Akron plan, and unequal pay.

41. Defendant knew about Plaintiff's protected activities because it knew Plaintiff had complained about unequal employment opportunities and terms of employment.

42. Defendant took an adverse employment action against Plaintiff by denying him promotional opportunities, transfers to the first shift, which affords greater visibility to and contact with upper-level decisionmakers and more opportunity to advance in one's career, by denying him

the position of ATW Production Manager, and by failing to adjust his pay to conform to the pay received by comparable non-minority supervisors.

43. The denial of employment opportunities and terms of employment experienced by Plaintiff would dissuade a reasonable worker from complaining about discriminatory treatment.

44. A causal connection exists between Plaintiff's protected activities and the adverse employment actions.

45. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it retaliated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT V - O.R.C. §§ 4112.02(I) and 4112.99
## RETALIATION

46. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

47. By it actions and inactions as set forth in Count IV, Defendant violated Ohio Revised Code § 4112.02(I), which makes it unlawful for any employer to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory employment practice.

48. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

## COUNT VI – PATTERN AND PRACTICE DISCRIMINATION

49. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

50. Defendant has discriminated against African-American applicants in hiring and promotions for supervisory positions in violation of Title VII at its Akron facility.

51. Defendant has hired or promoted African-American applicants at significantly lower rates than it hired non-minority applicants at is Akron facility.

52. Since at least January 2016, Defendant has subjected Plaintiff and a class of aggrieved African-American applicants for supervisory positions to a pattern or practice of discriminatory failure to hire or promote such persons because of their race in violation of Title VII as well as African-Americans in the community who otherwise would be eligible had they known to apply.

53. Since at least January 2016, Defendant has refused to hire or promote African-American applicants for supervisory positions if non-African-American qualified applicants were available.

54. The effect of the practices complained of herein has been to deprive African-American job/position applicants of equal employment opportunities with Defendant and otherwise adversely affect their status as job applicants because of race.

55. Defendant's unlawful employment practices complained of herein were taken with malice and/or with reckless indifference to Plaintiff's federally protected rights with malice and/or with reckless indifference to Plaintiff's and other African-Americans' federally protected rights

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands from Defendant the following:

A. Order Defendant to make Plaintiff whole, with appropriate back pay, front pay, benefits and other appropriate relief in amounts to be determined at trial.

B. Order instatement of Plaintiff to the ATW Production Manager position.

C. Award compensatory damages in an amount to be determined at trial.

D. Award Plaintiff punitive damages.

E. Award Plaintiff pre-judgment and post-judgment interest on all sums awarded.

F. Award Plaintiff the costs of this action, including reasonable attorney's fees; and

G. Award, order and grant Plaintiff such other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Alan I. Goodman*
Alan I. Goodman (0012660)
55 Public Square, Suite 1330
Cleveland, Ohio 44113
Tele: (216) 456-2486
Fax: (216) 456-2487
agoodman@aiglaw.com

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Ste. 102
Cleveland, Ohio 44120
Telephone:  (216) 522-0011
Telecopier:  (844) 548-3570
dwneel@neellaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

*/s/ Alan I. Goodman*
Alan I. Goodman (0012660)