PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL MADISON, | ) | |
| | ) | CASE NO. 5:21CV1537 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BRIDGESTONE AMERICAS, INC., | ) | |
| | ) | **ORDER APPROVING STIPULATION** |
| Defendant. | ) | **AND ADMINISTRATIVELY** |
| | ) | **CLOSING CASE** |

Pending is the parties' Stipulation for Stay of Proceedings Pending the Parties' Alternative Dispute Resolution Process (ECF No. 7). The parties to the above-entitled action for employment discrimination and retaliation will submit to mediation under the parties' alternative dispute resolution process, and if the mediation is unsuccessful, the parties will submit their claims to final and binding arbitration before the American Arbitration Association ("AAA"). For the reasons that follow, the Court finds that a stay of proceedings in the case at bar is warranted.

" '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants,' and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Pursuant to the Federal Arbitration Act ("FAA"),

(5:21CV1537)

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had* in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added); *see also* *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (a court should stay the proceedings pending the outcome of arbitration). The Supreme Court has stated that by ratifying the FAA, "Congress declared a national policy favoring arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

The parties' Stipulation for Stay of Proceedings Pending the Parties' Alternative Dispute Resolution Process (ECF No. 7) is hereby approved. Within fourteen days of completion of the mediation and/or arbitration proceedings, the parties shall file a Joint Status Report informing the Court of the outcome of the mediation and, if necessary, the AAA Award and the effect of the arbitration upon the claims in the case. This case is administratively closed, subject to reopening upon written motion. No claims or defenses are waived as a result of the stay. A written motion to reopen, preferably joint, shall set forth a proposed schedule for the case going forward.

    IT IS SO ORDERED.

| | |
|---|---|
|  September 22, 2021  |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |